767 F.2d 1329
 Stephanie Lynn PRAY, a minor, By and Through her Guardian ad
Litem, Steven Lee PRAY; and Sherilynn Joan Pray,
Plaintiffs-Appellants,
v.
FOREMOST INSURANCE COMPANY, a Michigan corporation,
Defendant-Appellee.
 No. 84-5992.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted April 4, 1985.
Decided Aug. 6, 1985.
 
 Charlotte Costan, Joseph Daniel Davis, Los Angeles, Cal., for plaintiffs-appellants.
 George M. Wallace, Murchison & Cumming, Los Angeles, Cal., for defendant-appellee.
 Appeal from the United States District Court for the Central District of California.
 Before BROWNING, Chief Judge, CHAMBERS, Circuit Judge, and COYLE*, District Judge.
 PER CURIAM:
 
 
 1
 Sherilynn Pray and her infant daughter appeal the grant of summary judgment for Foremost Insurance Company in their action against an insurer under California Insurance Code Section 790.03(h) (West Supp.1985). We reverse.
 
 
 2
 In 1975 appellants filed a medical malpractice action against Simeon Weight Clinic Foundation which Foremost insured with a policy limit of $100,000 per person. In 1980, appellants offered to settle the action for $200,000. Foremost refused. In a subsequent trial the jury awarded appellants $50,268 plus costs.
 
 
 3
 Appellants then sued, claiming breach by Foremost of its duty to investigate appellants' claim and attempt to settle it. The district court granted summary judgment on the ground that as a matter of law "it is not bad faith, but rather good business judgment, for an insurance company to refuse to settle a claim for [$200,000] which was proved at trial to be worth approximately $50,000."
 
 
 4
 Section 790.03(h)(3) and (5) of the California Insurance Code define "as unfair methods of competition and unfair or deceptive acts" the failure "to adopt and implement reasonable standards for the prompt investigation and processing of claims" and the failure to "attempt[ ] in good faith to effectuate prompt, fair, and equitable settlements of the claims in which liability has become reasonably clear." The California Supreme Court has held this duty enforceable by a claimant against an insurance carrier once the underlying action has been concluded. Royal Globe Insurance Co. v. Superior Court, 23 Cal.3d 880, 884, 153 Cal.Rptr. 842, 592 P.2d 329 (1979).
 
 
 5
 It is reasonably clear that California courts will interpret the California statute as imposing upon an insurance company the duty actively to investigate and attempt to settle a claim by making, and by accepting, reasonable settlement offers once liability has become reasonably clear. Cf. Schlauch v. Hartford Accident & Indemnity Co., 146 Cal.App.3d 926, 936, 194 Cal.Rptr. 658 (1983) (assuming without discussion that a delay in making a settlement offer could be actionable); Rodriguez v. Fireman's Fund Insurance Co's., 142 Cal.App.3d 46, 49, 190 Cal.Rptr. 705, 706 (1983) (same). Foremost does not dispute that in this case liability was reasonably clear. There is conflicting evidence as to whether Foremost took any investigative action at all for five years, and it is undisputed that while Foremost rejected an offer from plaintiffs it made no counteroffer to settle for what it considered a reasonable amount. If the disputed issues of fact were resolved against Foremost, a reasonable jury could conclude that Foremost breached its duty to investigate and attempt to settle.
 
 
 6
 Foremost argues that because the jury awarded less than appellants' settlement offer, it cannot have been bad faith to reject the offer. Assuming this to be true, it might still have been bad faith for Foremost not to investigate the claim, offer to settle earlier, or make a counteroffer. See Schlauch, 146 Cal.App.3d at 936, 194 Cal.Rptr. 658 (the subsequent tender of a policy mitigates the damage done by, but does not cure an earlier bad faith breach). Similarly, the fact that the plaintiffs' settlement offer exceeded the jury's award does not establish as a matter of law that appellants suffered no damage from Foremost's actions. For example, attorney's fees incurred in bringing the underlying case to trial are recoverable as damages in appropriate circumstances. Brandt v. Superior Court, 37 Cal.3d 813, 817, 210 Cal.Rptr. 211, 693 P.2d 796 (1985).
 
 
 7
 Appellants should be allowed an opportunity to prove Foremost breached its duty and that they suffered compensable damages as a result.
 
 
 8
 REVERSED.
 
 CHAMBERS, Circuit Judge, concurring:
 
 9
 I concur reluctantly. My feeling is that the trial court pulled the trigger too fast. But we cannot affirm on the surmise that the plaintiff can't win anyway.
 
 
 
 *
 Honorable Robert E. Coyle, United States District Judge for the Eastern District of California, sitting by designation