**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

YAN FANG DU, individually and as
Assignee of Joon Hak Kim,
     *Plaintiff-Appellant,*

v.

ALLSTATE INSURANCE COMPANY;
DEERBROOK INSURANCE COMPANY, a
subsidiary of Allstate Insurance
Company,
     *Defendants-Appellees.*

No. 10-56422

D.C. No.
2:08-cv-06301-
GW-PJW

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted May 11, 2012*
Pasadena, California

Filed June 11, 2012
Amended October 5, 2012

Before: Harry Pregerson and Susan P. Graber,
Circuit Judges, and Edward M. Chen, District Judge.**

Opinion by Judge Chen

---

*The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable Edward M. Chen, United States District Judge for the
Northern District of California, sitting by designation.

## COUNSEL

Andrew N. Chang and Stuart B. Esner, Esner, Chang & Boyer, Pasadena, California, and Matthew B.F. Biren and Sarina M. Hinson, Biren / Katzman, West Los Angeles, California, for the plaintiff-appellant.

John T. Brooks, Luce Forward Hamilton & Scripps LLP, San Diego, California, for the defendants-appellees.

## ORDER

The opinion filed on June 11, 2012, slip opinion page 6575, and published at 681 F.3d 1118, is amended by the opinion filed concurrently with this order.

With these amendments, the panel has voted to deny Appellees' petition for panel rehearing. Judges Pregerson and Graber have voted to deny the petition for rehearing en banc, and Judge Chen has so recommended.

The full court has been advised of the petition for rehearing en banc, and no judge of the court has requested a vote on it.

Appellees' petition for panel rehearing and petition for rehearing en banc are DENIED. No further petitions for rehearing or for rehearing en banc shall be entertained.

## OPINION

CHEN, District Judge:

## I.   *OVERVIEW*

Appellant Yan Fang Du brought this suit against Appellee Allstate Insurance Company and its subsidiary Deerbrook Insurance Company (collectively "Deerbrook") for breach of the implied covenant of good faith and fair dealing. Du was injured in an accident caused by Deerbrook's insured, Joon Hak Kim. After Du received a judgment against Kim in the amount of $4,126,714.46, Kim assigned his bad faith claim to Du.

Du brought the instant suit against Deerbrook, arguing that Deerbrook breached the implied covenant of good faith and fair dealing owed to its insured Kim when Deerbrook did not attempt to reach a settlement of Du's claims after Kim's liability in excess of the policy limit became reasonably clear. Du appeals the district court's rejection of Du's request to instruct the jury that it could consider Deerbrook's failure to effectuate a settlement in determining whether Deerbrook breached the implied covenant. We conclude there was no evidentiary basis for the instruction. Accordingly, we affirm the district court's judgment.

## II.   *FACTUAL AND PROCEDURAL BACKGROUND*

### 1.   Du's 2006 Personal Injury Lawsuit Against Kim

On June 17, 2005, Joon Hak Kim was involved in an accident when his car collided with another vehicle. All four occupants of the second vehicle — Appellant Yan Fang Du, Li Jie Wang, Wan Hai Feng, and Shuo Feng — sustained injuries. Kim's insurance policy issued by Appellee Deerbrook had a liability limit of $100,000 for each individual

claim, with an aggregate maximum of $300,000 for any one accident.

Over the next several months Deerbrook corresponded with a number of lawyers who in succession represented Du. Deerbrook attempted to obtain medical documentation from Du and a statement from Kim but was not successful. Notwithstanding the lack of cooperation by Du and Kim in providing the documentation requested, Deerbrook eventually evaluated the claim file on February 15, 2006. Deerbrook was aware that there was a claim of serious injury by Du and accepted Kim's liability.

No settlement demands or offers were made until June 9, 2006, when Marc Katzman, Du's lawyer, submitted a $300,000 global demand for all four plaintiffs. For the first time, Du documented her medical costs at $108,742.92. The demand also listed medical costs to Wan Hai Feng at $6,676.00, Shuo Feng at $13,274.00, and Li Jie Wang at $13,809.00.

Anna Harcharik, Deerbrook's adjuster, told Katzman there was insufficient information about Wan Hai Feng, Shuo Feng, and Li Jie Wang and suggested settling Du's claim separately. Katzman rejected the suggestion and indicated that Deerbrook had to pay the full $300,000 policy limit and settle all claims. In August 2006, Katzman rejected Deerbrook's $100,000 settlement offer to Du as "too little too late."

On October 31, 2006, Du filed a personal injury lawsuit against Kim, and received a jury verdict of $4,126,714.46. Deerbrook paid the $100,000 available under Kim's liability coverage to partially satisfy the judgment. Kim then assigned his bad faith claim to Du in exchange for a covenant not to execute.

## 2. Du's Claim Against Deerbrook

In September 2008, Du, exercising the assignment of Kim's bad faith claim, filed suit against Allstate Insurance Company

and Deerbrook, alleging that Deerbrook breached the covenant of good faith and fair dealing owed to Kim. Du alleged that Deerbrook breached the implied covenant when Deerbrook failed to affirmatively settle Du's claim within Kim's policy limits even after Kim's liability for a judgment in excess of the policy limits became clear on February 15, 2006.

At trial, Du proposed the following jury instruction based on the Judicial Council of California Civil Jury Instruction ("CACI") 2337 ("Violation of Insurance Regulation or Industry Practice"):

> In determining whether Deerbrook Insurance Company breached the obligation of good faith and fair dealing owed to Mr. Kim, you may consider whether the defendant did not attempt in good faith to reach a prompt, fair, and equitable settlement of Yan Fang Du's claim after liability [of its insured Kim] had become reasonably clear.
>
> The presence or absence of this factor alone is not enough to determine whether Deerbrook Insurance Company's conduct breached the obligation of good faith and fair dealing. You must consider Deerbrook Insurance Company's conduct as a whole in making this determination.[1]

---

[1]By comparison, CACI 2337 provides:

In determining whether [*name of defendant*] acted unreasonably or without proper cause, you may consider whether the defendant did any of the following:

. . .

[(e) Did not attempt in good faith to reach a prompt, fair, and equitable settlement of [*name of plaintiff*]'s claim after liability had become reasonably clear.]

. . .

The district court rejected this proposed jury instruction. It concluded that an insurer has no duty to initiate settlement discussions in the absence of a settlement demand from the third-party claimant. The district court also ruled that there was no factual foundation for the instruction, as "the issue of settlement was broached at a sufficiently early time in the litigation that it vitiates any claim or effective claim insofar as a failure to initiate a settlement discussion."

At trial, the district court gave modified forms of CACI 2334 and 2337. Both of these instructions made clear that breach of the covenant of good faith and fair dealing could be found only if Deerbrook had failed to accept a reasonable settlement demand, not for failing affirmatively to effectuate a settlement. The jury returned a verdict for Deerbrook, and judgment was entered in its favor. This timely appeal followed.

## III.   *STANDARDS OF REVIEW*

"The standard of review for an alleged error in jury instructions depends on the nature of the claimed error." *Jenkins v. Union Pac. R.R. Co.*, 22 F.3d 206, 210 (9th Cir. 1994). "A district court's formulation of the jury instruction is reviewed for abuse of discretion. If, however, the instructions are challenged as a misstatement of the law, they are then reviewed de novo." *Duran v. City of Maywood*, 221 F.3d 1127, 1130 (9th Cir. 2000) (per curiam) (internal quotation marks and citation omitted).

In addition, there must be a sufficient evidentiary foundation to support giving the instruction. *Mendez v. County of*

---

The presence or absence of any of these factors alone is not enough to determine whether [*name of defendant*]'s conduct was or was not unreasonable or without proper cause. You must consider [*name of defendant*]'s conduct as a whole in making this determination.

*San Bernardino*, 540 F.3d 1109, 1117-18 (9th Cir. 2008). Whether there is sufficient evidence to support an instruction is reviewed for abuse of discretion. *Galdamez v. Potter*, 415 F.3d 1015, 1021 (9th Cir. 2005); *see also United States v. Hairston*, 64 F.3d 491, 494 (9th Cir. 1995).

## IV.  *DISCUSSION*

On appeal, Due contends the district court erred in refusing to give its proposed instruction on the duty to settle — modeled after CACI 2337. Du's appeal raises three questions: (1) whether the duty to settle described in CACI 2337 can be breached absent a settlement demand from the third party claimant; (2) whether Du's proposed instruction could properly have been refused under the "genuine dispute doctrine"; and (3) whether there was an evidentiary foundation for the proposed instruction.

As to the first question, we note that CACI 2337 is based on California Insurance Code Section 790.03(h)(5) and was intended to reflect the law after the California Supreme Court's decision in *Moradi-Shalal v. Fireman's Fund Insurance Cos.*, 250 Cal. Rptr. 116 (1988). *See Jordan v. Allstate Ins. Co.*, 56 Cal. Rptr. 2d 312, 323-24 (Ct. App. 2007) (violations of section 790.03(h), while not directly actionable, can serve as evidence that an insurer has breached the implied covenant of good faith and fair dealing).[2] Insurance Code Section 790.03(h)(5) which identifies as an unfair claims settlement practice "[n]ot attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear," has been construed as extending the duty to settle beyond mere acceptance of a rea-

---

[2]The Directions for Use state the following: "Although there is no private cause of action under Insurance Code section 790.03(h) [citing [*Moradi-Shalal*]), this instruction may be given in an insurance bad-faith action to assist the jury in determining whether the insurer's conduct was unreasonable or without proper cause [citing *Jordan*]."

sonable settlement demand. *See Pray ex rel. Pray v. Foremost Insurance Co.*, 767 F.2d 1329, 1330 (9th Cir. 1985) (per curiam) (section 790.03(h)(5) imposes upon an insurance company the duty actively to "*attempt to settle a claim by* making, and by accepting, reasonable settlement offers once liability has become reasonably clear" (emphasis added)); *McLaughlin v. Nat'l Union Fire Ins. Co.*, 29 Cal. Rptr. 2d 559, 576 (Ct. App. 1994) ("Section 790.03(h)(5) sweeps in a broader range of behavior than . . . rejection of a settlement demand *within policy limits*" (emphasis in original)). *See generally Gibbs v. State Farm Mutual Insurance Co.*, 544 F.2d 423, 427 (9th Cir. 1976) (insurer may be found to have "neglect[ed] its good faith duty when it fails to take affirmative action in settling claim"); *Boicourt v. Amex Assurance Co.,* 93 Cal. Rptr. 2d 763, 768 (Ct. App. 2000) ("[A] formal settlement offer is *not* an absolute prerequisite to a bad faith action . . . .") (emphasis in original).

On the other hand, Deerbrook cites California cases suggesting no breach of the good faith duty to settle can be found in the absence of a settlement demand, the typical context in which the duty has been found. *See Merritt v. Reserve Ins. Co.*, 110 Cal. Rptr. 511, 524-25 (Ct. App. 1973) (rejecting claim of bad faith based on insurer's failure to initiate settlement overtures in absence of demand by claimant); *Coe v. State Farm Mutual Automobile Insurance Co.*, 136 Cal. Rptr. 331, 339 (Ct. App. 1977) (stating that "actionable 'bad faith' arises, not from an insurance carrier's obligation to settle, but from an unwarranted failure to accept a reasonable settlement offer"). *But see Gibbs*, 544 F.2d at 427 (rejecting the notion that *Merritt* established a *per se* rule requiring a settlement demand because "in that case no reasonable settlement opportunity existed"); *Boicourt*, 93 Cal. Rptr. 2d at 767 (noting that *Merritt*'s choice of language suggesting a *per se* rule was both "gratuitous[ ]" in the context of that case and "improvident").

On the second question, Deerbrook argues Du's proposed instruction was properly denied under the genuine dispute

doctrine because the law on the scope of the duty to settle in this context is unsettled. The specific issue is whether the genuine dispute doctrine applies to the duty to settle third party claims. *Compare CalFarm Ins. Co. v. Krusiewicz*, 131 Cal. App. 4th 273, 286 (2005) (applying doctrine in the context of the duty to indemnify), *with Johansen v. Cal State Auto. Ass'n Inter-Ins. Bureau*, 123 Cal. Rptr. 288, 292-93 (Cal. 1975) (insurer's belief that the policy does not provide coverage not a permissible consideration in evaluating the reasonableness of the settlement offer from third party), *and Howard v. Am. Nat'l Fire Ins. Co.*, 115 Cal. Rptr. 3d 42, 70 (Ct. App. 2010) ("[I]t has never been held that an insurer in a third party case may rely on a genuine dispute over coverage to refuse settlement.").

**[1]** We need not resolve these two legal issues because we find that in any event, the district court did not abuse its discretion in ruling there was no factual foundation for Du's proposed instruction. The district court found that, "the issue of settlement was broached at a sufficiently early time in the litigation that it vitiates any claim or effective claim insofar as a failure to initiate a settlement discussion." There is no dispute that in June and July 2006, Deerbrook engaged with Du in settlement negotiations; it made a $100,000 policy limits offer to Du, which Du rejected. The bad faith claim asserted here is that the case would have been settled within policy limits had Deerbrook initiated earlier settlement negotiations. Deerbrook contends that if there was a duty to initiate settlement talks, it did so in a timely fashion in view of the circumstances. The record supports Deerbrook's contention.

**[2]** First, Deerbrook could not make an earlier offer because Deerbrook lacked corroborating proof of the extent of Du's injuries and medical expenses. Prior to June 23, 2006, the only information Deerbrook had regarding Du's injuries and medical bills were the uncorroborated and conflicting assertions by Du and her counsel. Du's expert conceded that

Deerbrook could not base a settlement offer solely on the representations of claimant and claimant's lawyer.

Du's expert also conceded that it was reasonable for Deerbrook to rely on Katzman's promise to provide Harcharik with the medical information, a promise that remained unfulfilled until June 2006. Du's expert further admitted that Deerbrook could not have obtained Du's medical records without getting them from Du's lawyers. The record shows that Deerbrook made repeated efforts to obtain the information.

**[3]** Second, prior to June 2006, Deerbrook had no proof of the injuries of the other three individuals injured in the accident. Paying Du $100,000 could have left Kim underprotected if the remaining three claims exceeded $200,000, especially as prior counsel had asserted that the Fengs suffered "life threatening" injuries.

**[4]** In sum, there was no evidence that Deerbrook should or could have made an earlier settlement offer to Du. Accordingly, the district judge did not abuse his discretion in finding there was no evidentiary basis for Du's proposed instruction.

## V.    *CONCLUSION*

The district court did not abuse its discretion in refusing Du's instruction because there was no evidentiary foundation for it. Accordingly, we affirm the judgment.

**AFFIRMED**.