**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT GARDNER, | No. 16-15891 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-01082-TEH |
| v. | |
| FEDERAL EXPRESS CORPORATION, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Thelton E. Henderson, District Judge, Presiding

Submitted December 7, 2017[**]
San Francisco, California

Before: LUCERO,[***] RAWLINSON, and OWENS, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Carlos F. Lucero, United States Circuit Judge for the Tenth Circuit, sitting by designation.

Robert Gardner appeals the district court's denial of his motion for a new trial and motion to strike costs in his action against Federal Express Corporation ("FedEx").  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

We review a district court's decision to deny a motion for a new trial for abuse of discretion.  United States v. Hinkson, 585 F.3d 1247, 1261-63 (9th Cir. 2009) (en banc).  Similarly, we review an award of costs for abuse of discretion "and will overturn the award 'if it is based on an erroneous determination of law.'" Martin v. Cal. Dep't of Veterans Affairs, 560 F.3d 1042, 1047 (9th Cir. 2009) (quoting Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008)).

Gardner argues that the district court erred in giving the jury the "Limitation on Remedies - Same Decision" instruction.  "An error in instructing the jury in a civil case requires reversal unless the error is more probably than not harmless." Gantt v. City of L.A., 717 F.3d 702, 707 (9th Cir. 2013) (quoting Clem v. Lomeli, 566 F.3d 1177, 1182 (9th Cir. 2009)).  We do not address whether this instruction was legally erroneous, as we conclude any error was harmless.

On Gardner's sixth claim, wrongful discharge in violation of public policy, the jury answered "no" to the question of whether Gardner's disability or medical leave was a substantial motivating reason for his discharge.  We thus determine that, had the jury not been given the "Limitation on Remedies - Same Decision"

2

instruction, it nevertheless would have found in favor of defendant.  See United States v. Alexander, 695 F.2d 398, 401-02 (9th Cir. 1982) ("find[ing] it unnecessary to decide" whether an instruction was erroneous because the jury's finding on a different issue demonstrated that even without the alleged error, the jury would have reached the same result).

We also reject Gardner's argument that the district court erred in refusing to give the jury his proposed instruction regarding reasonable accommodation. Gardner insists that evidence at trial established that he could have been reasonably accommodated if FedEx had given him a three-month extension of job-protected leave.  But, as defendant notes, after Gardner's ninety-day period of job-protected leave ended, it was determined that there were no full-time ramp transport driver positions available at the FedEx facility at which he was employed.  Under California's Fair Employment and Housing Act ("FEHA"), FedEx was not required to create a new position for Gardner in the absence of any vacant and comparable positions.  See Watkins v. Ameripride Servs., 375 F.3d 821, 828 (9th Cir. 2004) (noting that under FEHA, an employer is "only obligated to reassign" a disabled employee "to another position within the company if there were an existing, vacant position for which [the employee] was qualified" (emphasis omitted)).

Additionally, Gardner argues that the district court erred in giving the jury the "Reliance on Medical Opinions" instruction. In support, he observes that the instruction did not additionally clarify that an employer cannot rely solely on medical opinions to meet its obligations to craft a reasonable accommodation, because the employer must also engage in the interactive process. But the instruction did not state that FedEx was entitled to rely only on medical opinions and, as Gardner's counsel admitted at trial, the instruction correctly stated that FedEx was entitled to consider medical opinions. We hold that there existed "a sufficient evidentiary foundation to support giving th[is] instruction" and the district court did not abuse its discretion in doing so. Yan Fang Du v. Allstate Ins. Co., 697 F.3d 753, 757 (9th Cir. 2012) (citation omitted).

The district court did not abuse its discretion by denying Gardner's motion for a new trial. Although Gardner is correct that the jury erred in answering "no" to the question of whether FedEx subjected Gardner to an adverse employment action with respect to his disability-discrimination and retaliation claims, we agree with the district court that these errors on the jury's verdict form can be reconciled with another finding. Because the jury answered "no" on the "substantial motivating reason" question on the wrongful discharge claim, we conclude that the jury would have likewise answered "no" on the disability-discrimination and

4

retaliation claims, consistent with its finding of no liability.  <u>See</u> <u>Gallick v. Balt. &</u>

<u>Ohio R.R. Co.</u>, 372 U.S. 108, 119 (1963) ("Where there is a view of the case that

makes the jury's answers to special interrogatories consistent, they must be

resolved that way." (quoting <u>Atl. & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.</u>,

369 U.S. 355, 364 (1962))).

Finally, Gardner argues that the district court erred in applying federal law,

rather than state law, in deciding to award costs to FedEx.  But this argument is

foreclosed by <u>Champion Produce, Inc. v. Ruby Robinson Co.</u>, in which we held

that "[a]n award of standard costs in federal district court is normally governed by

Federal Rule of Civil Procedure 54(d), even in diversity cases."  342 F.3d 1016,

1022 (9th Cir. 2003) (citation omitted).  As the district court held below, none of

the exceptions to this general rule apply in this case.

**AFFIRMED**.