**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREW GRANT; ROBIN REISINGER, | No.    19-15129 |
| Plaintiffs-Appellants, | D.C. No. |
| and | 1:16-cv-00451-LEK-RLP |
| SANDRA DENISE KELLY, | MEMORANDUM* |
| Plaintiff, | |
| v. | |
| MARRIOTT OWNERSHIP RESORTS, INC.; DOES, 1-100, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted July 9, 2020**
Honolulu, Hawaii

Before:  OWENS, FRIEDLAND, and R. NELSON, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Plaintiffs Andrew Grant and Robin Reisinger sued Marriott Ownership Resorts, Inc. ("MORI") alleging employment discrimination. After a nine-day trial, the jury found MORI not liable. Plaintiffs now appeal the district court's refusal to provide a jury instruction on the "cat's paw" theory of employer liability. Because the parties are familiar with the facts, we will not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"Failure to submit a proper jury instruction is a question of law reviewable by this court *de novo*." *999 v. C.I.T. Corp.*, 776 F.2d 866, 871 (9th Cir. 1985). "Whether there is sufficient evidence to support an instruction is reviewed for abuse of discretion." *Yan Fang Du v. Allstate Ins. Co.*, 697 F.3d 753, 757 (9th Cir. 2012).

The proposed cat's paw instruction would have instructed the jury that MORI was liable if Xee Her ("Her"), Plaintiffs' supervisor, was motivated by Plaintiffs' race and intended that his actions would cause Plaintiffs to suffer an adverse employment action, and if Greg Grigaitis ("Grigaitis"), Director of Sales and Marketing, would not have decided to terminate Plaintiffs in the absence of Her's warnings. But this instruction was unnecessary because the evidence at trial made abundantly clear that Grigaitis, who made the final termination decision, was not an independent decisionmaker, instead relying on the information Her, the allegedly discriminatory supervisor, gave him. Witnesses testified that Her issued

the disciplinary forms that were the basis for Plaintiffs' terminations and was in charge of investigating a complaint that plaintiff Grant made another associate feel threatened. The district court thus did not abuse its discretion in holding that there was not sufficient evidence that Grigaitis was held out as an independent decisionmaker to support a cat's paw instruction.

In any event, the agency-based corporate liability instruction enabled the jury to adequately consider whether MORI was liable for Plaintiffs' terminations based on Her's allegedly discriminatory conduct. *See Jones v. Williams*, 297 F.3d 930, 935 (9th Cir. 2002) (holding district court did not abuse its discretion where it offered "other instructions that enabled the jury to consider [the] issue adequately"). Indeed, Plaintiffs' own counsel argued that instruction enabled the jury to find MORI liable for Her's discriminatory actions in orchestrating the terminations.

Because the district court properly exercised its discretion in finding there was not a sufficient evidentiary basis for the cat's paw instruction, and because it provided an instruction that MORI was liable for its agents' conduct, the judgment is affirmed.

**AFFIRMED.**