NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 31 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CITCON USA, LLC,

      Plaintiff-counter-
      defendant-Appellant,

  v.

RIVERPAY INC., a Canadian Corporation;
et al.,

      Defendants-counter-
      claimants-Appellees,

 and

HANG MIAO,

      Defendant,

WEI JIANG,

      Counter-defendant.

No.   20-16929

D.C. No. 5:18-cv-02585-NC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding

Argued and Submitted January 13, 2022
San Francisco, California

---

     [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: GOULD, BENNETT, and R. NELSON, Circuit Judges.

Citcon sued two former executives (Yue Hua and Kenny Shi), their new employer (RiverPay), and a former contractor (Hank Miao) for claims under federal and California law. It now appeals the district court's dismissal of its duty of loyalty and defamation claims, decision not to give a jury instruction on joint and several liability, and denial of its request for punitive damages, costs, attorney's fees, and an injunction. Citcon also appeals the judgment for Shi on his breach of contract counterclaim. We have jurisdiction under 28 U.S.C. § 1291. *See also* 28 U.S.C. § 636(c)(3).

1.      Citcon alleged that (1) Shi and Hua created and lied about the Dropbox account to use Citcon's confidential transaction information; (2) they sabotaged Citcon's system by arranging it in a way that critically depended on Hua's login; (3) they participated in the Terry Liu email attack; and (4) Shi engineered the "Miao incident" and article to damage Citcon's reputation and recruit Miao for RiverPay.

Citcon's Dropbox allegations are "based on the same nucleus of facts as the misappropriation of trade secrets claim for relief," and therefore these allegations cannot support a duty of loyalty claim. *See K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal. App. 4th 939, 958 (2009) (quoting *Digit. Envoy, Inc. v. Google, Inc.*, 370 F. Supp. 2d 1025, 1035 (N.D. Cal. 2005)). And because Citcon did not identify the Terry Liu allegations as a basis for its duty of loyalty

2

claims in its arguments to the district court, its argument about those pleadings is waived. *See Putnam Fam. P'ship v. City of Yucaipa*, 673 F.3d 920, 932 (9th Cir. 2012).

The remaining allegations—that Hua and Shi designed Citcon's system so that it would critically depend on Hua's login and that Shi engineered the Miao incident—state a claim for breach of Hua's and Shi's duties of loyalty. Citcon essentially alleged that Hua and Shi embedded a "logic bomb"—a piece of code inserted into software that sets off a malicious function when certain conditions are met, *see* Computer Security Resource Center, Logic Bomb, https://csrc.nist.gov/glossary/term/logic_bomb (last visited Jan. 27, 2022)—in Citcon's system while still at the company. The logic bomb went off when Citcon disabled Hua's login and Citcon's system crashed; it required no further action by Hua or Shi. And Citcon's allegation that Shi engineered the Miao incident to damage Citcon's reputation and steal a potential employee also states a breach of duty of loyalty claim against Shi. *See Stokes v. Dole Nut Co.*, 41 Cal. App. 4th 285, 295 (1995).

Because we reverse and remand on the claims against Shi and Hua, we also reverse and remand on the breach of duty of loyalty claim against RiverPay based on vicarious liability.

2. Citcon also appeals the judgment for Shi on his breach of contract counterclaim. But the district court's dismissal of Citcon's breach of duty of loyalty

3

claims did not prohibit Citcon from seeking discovery on defenses to Shi's counterclaim. *See* Fed. R. Civ. P. 26(b)(1). We accordingly affirm the judgment for Shi on his breach of contract counterclaim.

3. Citcon next appeals the dismissal of its defamation claim. Citcon's defamation claim is based on an internet blog article titled *How My Life Was Ruined By A Silicon Valley Startup And Former PayPal & Uber Execs*. The district court properly held that the statements in the blog post were nonactionable statements of opinion. *See Knievel v. ESPN*, 393 F.3d 1068, 1074–75 (9th Cir. 2005). In context, the article is "a personal story, expressing personal impressions, rather than a presentation of facts." *Citcon USA, LLC v. RiverPay Inc.*, No. 18-CV-02585-NC, 2018 WL 6813211, at *9 (N.D. Cal. Dec. 27, 2018). It leaves readers "free to draw their own conclusions about the hiring dispute rather than take the account in the article as fact." *Id.* The post does not try to hide the fact that it is a collection of the author's feelings of anger toward Citcon and its executives and uses crass, hyperbolic, and emotional language. In short, readers can be expected to take the article with a grain of salt. *See Gardner v. Martino*, 563 F.3d 981, 986–89 (9th Cir. 2009).

4. Citcon also appeals the district court's decision not to include a jury instruction on Hua's joint and several liability for the trade secret misappropriation award against RiverPay. Citcon's damages evidence was presented under a theory

4

of unjust enrichment. The district court properly declined to give Citcon's proposed instruction because an instruction on joint and several liability had no foundation in the evidence presented at trial. *See Yan Fang Du v. Allstate Ins. Co.*, 697 F.3d 753, 757 (9th Cir. 2012).

5. Citcon argues the district court's decision not to award punitive and exemplary damages against RiverPay was an abuse of discretion. Because the California Uniform Trade Secrets Act ("CUTSA") displaces "alternative civil remedies based on trade secret misappropriation," *K.C. Multimedia*, 171 Cal. App. 4th at 954, we need only consider what punitive damages might be properly awarded under CUTSA. CUTSA provides that punitive damages are awarded by the court, not the jury, and punitive damages are not mandatory even if the jury finds the misappropriation willful and malicious. *See* Cal. Civ. Code § 3426.3(c). The district court did not abuse its discretion, as it identified the relevant factors and ultimately declined to award punitive damages for reasons including RiverPay's lack of wealth, the nature of the conduct, and the sufficiency of the $1.5 million compensatory damages award.

6. On a similar note, the district court did not abuse its discretion by declining to award costs or fees. *See Thomas v. City of Tacoma*, 410 F.3d 644, 647 (9th Cir. 2005). We apply California law, which provides for the recovery of

attorney's fees when authorized by contract or statute. Cal. Civ. Proc. Code § 1033.5(a)(10).

Even with the jury's finding of malice, oppression, or fraud, neither the Defend Trade Secrets Act nor CUTSA requires the court to award attorney's fees. *See* 18 U.S.C. § 1836(b)(3)(D); Cal. Civ. Code § 3426.4. And a party's partial success does not establish an abuse of discretion when the district court considered factors such as the complexity of the case, the efforts of the parties, and the nature of relief awarded. *K-S-H Plastics, Inc. v. Carolite, Inc.*, 408 F.2d 54, 60 (9th Cir. 1969). Here, the district court explained that its decision was based on balancing Citcon's mixed success on its misappropriation claims (Citcon succeeded on its claim for misappropriation of source code but not as to four other categories of alleged trade secrets) with Shi's success on his breach of contract counterclaim and the failure of Defendants' trade libel, defamation, and intentional interference with prospective economic relations counterclaims.

7. Citcon's final argument challenges the district court's denial of its motion for a permanent injunction. Citcon contends that trade secret misappropriation always leads to at least a presumption of future irreparable harm because other cases have recognized that injunctions in trade secrets cases seek to "protect the secrecy of misappropriated information and to eliminate any unfair head start the defendant may have gained." *Lamb-Weston, Inc. v. McCain Foods, Ltd.*,

6

941 F.2d 970, 974 (9th Cir. 1991). Indeed, an important goal of trade secrets law is to protect a party's interest in the exclusive use of secrets it has cultivated. But Citcon's argument, which is essentially that injunctive relief automatically flows from a successful trade secret misappropriation claim, is untenable. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 32 (2008) ("An injunction . . . does not follow from success on the merits as a matter of course.").

We are not obligated to grant injunctive relief in trade secrets cases and the sufficiency of the $1.5 million damages award is supported by Citcon's evidence at trial. Citcon bore the burden of establishing the necessity of injunctive relief, *see Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009), and gives no reason the $1.5 million award is inadequate. The district court's decision to deny its motion for an injunction was not an abuse of discretion.

The district court's decisions not to include a jury instruction on joint and several liability, award punitive damages, or issue a permanent injunction and to have the parties bear their own costs and fees are **AFFIRMED.** The judgment on Shi's breach of contract counterclaim is **AFFIRMED.** The dismissal order is **AFFIRMED IN PART** regarding Citcon's defamation claim and **REVERSED IN PART** regarding the duty of loyalty claims against Shi, Hua, and RiverPay. The case is remanded for further proceedings consistent with this memorandum disposition. The parties shall bear their own costs on appeal.

7