**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| United States of America ex rel. MC2 SABTECH HOLDINGS, INC., relator doing business as IXI Technology, Inc., <br><br> Plaintiff - Appellant, <br><br> v. <br><br> GET ENGINEERING CORPORATION; RODNEY TUTTLE; GREG MACNEIL; DAVID GRUNDIES, <br><br> Defendants - Appellees, <br><br> and <br><br> GUILLE E. TUTTLE, LESLIE ADAMS, <br><br> Defendants. | No. 24-7543 <br><br> D.C. No. 3:19-cv-01249-RSH-MSB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Robert Steven Huie, District Judge, Presiding

Submitted February 3, 2026[**]
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: LEE, KOH, and DE ALBA, Circuit Judges.

MC2 Sabtech Holdings, Inc., (MC2) filed a False Claims Act suit against GET Engineering Corporation (GET) and certain individuals for allegedly misrepresenting to the federal government that GET is a Woman-Owned Small Business (WOSB). MC2 lost at trial and now appeals, pointing to five purported errors by the district court. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

First, MC2 alleges that the district court erred in excluding certain portions of a transcript of a meeting between Department of the Navy and GET in which Navy officials made critical comments about GET. We review this evidence determination for abuse of discretion. *United States v. Dorsey*, 122 F.4th 850, 854 (9th Cir. 2024). The district court barred portions of this evidence on grounds of hearsay and Rule 403 balancing under the Federal Rules of Evidence. The statements in the transcript were made outside of the "current trial or hearing" and therefore are hearsay if offered "to prove the truth of the matter asserted." Fed. R. Evid. 801(c). MC2 argues the transcript is nevertheless admissible as a record of a regularly conducted activity (*i.e.,* the "business record" exception) and as a public record under Rule 803. Fed. R. Evid. 803. We do not believe the district court erred in holding that the "business record" exception does not apply because the formality and regularity of this type of meeting were not well established in the record.

Further, the district court did not err in not invoking the "public records" exception because (i) the meeting transcript does not set out the Naval office's formal activities, (ii) the transcript fails to include any factual findings from a legally authorized investigation, and (iii) the office does not appear to have a legal duty to report the meeting's contents. Fed. R. Evid. 803(8).

The district court also did not abuse its discretion in finding that the probative value of the excluded portions—which were largely negative statements made by Naval officials about GET officials—was "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. District courts receive wide latitude in reaching these conclusions. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008). In any event, MC2 has not shown any prejudice from these rulings because it could have called the Navy officials at trial but did not do so.

Second, MC2 alleges the district court erred in several rulings and jury instructions about the materiality of non-set-aside WOSB contract awards. We review the district court's legal determinations de novo. *Fisher v. Tucson Unified Sch. Dist.*, 652 F.3d 1131, 1136 (9th Cir. 2011). We review evidentiary determinations for abuse of discretion. *Dorsey*, 122 F.4th at 854. We review decisions regarding sufficiency of the evidence for and formulation of a jury

instruction for abuse of discretion. *Yan Fang Du v. Allstate Ins. Co.*, 697 F.3d 753, 757 (9th Cir. 2012).

MC2 argues that defense counsel was permitted to make incorrect legal assertions at trial. When the statements are viewed in full context, the assertions are not objectively incorrect legal conclusions but arguments based on the presented facts. For example, MC2 contends that GET's counsel improperly argued that non-set-aside WOSB contract preferences are not material, but in full context, GET was merely arguing that the WOSB designation was not material here because GET continued to receive contracts even after it ceased describing itself as a WOSB. In any event, the court instructed the jury on the proper role of attorneys' arguments and gave legally correct instructions. MC2 also argues that the materiality instruction given to the jury was insufficient. But the court provided the statutory definition of materiality as the jury instruction. *See* 31 U.S.C. § 3729(b)(4). The district court did not abuse its discretion in giving this jury instruction. *Yan Fang Du*, 697 F.3d at 757.

MC2 further asserts that the district court placed excessive limitation on its calling of rebuttal witness John Klein. The court asked for reasonable explanations of and issued tentative rulings on certain testimony topics, but Mr. Klien ultimately testified without any limitation from the district court and without a single of defendants' objections being sustained. The court did not abuse its discretion

regarding Mr. Klein's testimony.  *See Dorsey*, 122 F.4th at 854.

Third, MC2 claims the district court abused its discretion in admitting certain negative and laudatory biographical evidence about the founders of MC2's predecessor business and GET, respectively.  While the positive testimony about GET's female founder was perhaps not strictly necessary, it was reasonably offered in response to arguments made by MC2 that GET's founder was not capable of running the company.  And while the court did allow negative testimony about the founder of MC2's predecessor company, MC2 had opened the door to such testimony and was able to distance itself from the testimony in both its objection and on redirect.  Accordingly, the district court did not abuse its discretion in allowing biographical evidence.  *See id.*

MC2 also complains that GET's counsel unfairly called MC2 and its lawyers "bullies."  We review this determination for plain error as MC2 did not object at the district court.  *Bird v. Glacier Elec. Coop., Inc.*, 255 F.3d 1136, 1148 (9th Cir. 2001). While GET's counsel's statements were questionable, they were not unduly prejudicial.  The district court has "a superior position to gauge the prejudicial impact of counsel's conduct during the trial." *Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 346 (9th Cir. 1995).  It determined these grounds did not merit a new trial.  Further, any fiery language was harmless as the court instructed the jury on the role of attorneys' arguments.  The district court did not plainly err in

allowing this rhetoric. *See Bird*, 255 F.3d at 1148.

Fourth, MC2 alleges the district court abused its discretion in rejecting a for-cause challenge to a potential juror and clearly erred in its *Batson* determination. We review a district court's decision whether to dismiss a juror for cause "for abuse of discretion." *United States v. Litwin*, 972 F.3d 1155, 1170 (9th Cir. 2020). While the potential juror's spouse did interact with a lawyer for the defendants, the potential juror repeatedly assured the court that she could be fair and impartial. This assurance is enough to impanel the juror. *See United States v. Gonzalez*, 906 F.3d 784, 798 (9th Cir. 2018). And any error would be harmless as that potential juror was not impaneled.

The district court's *Batson* determination was also proper. We review a court's *Batson* determination for clear error. *United States v. Mikhel*, 889 F.3d 1003, 1028 (9th Cir. 2018). The district court properly conducted a *Batson* process, and defense counsel provided "neutral explanation[s]" for their strikes. *Batson v. Kentucky*, 476 U.S. 79, 98 (1986). The district court's determination was not clearly erroneous. *See Mikhel*, 889 F.3d at 1028.

Fifth, MC2 argues the district court erred in declining to give a jury instruction on presumed loss. We review the court's decisions regarding sufficiency of the evidence for and formulation of a jury instruction for abuse of discretion. *Yan Fang Du*, 697 F.3d at 757. The district court determined that the presumed loss instruction

6                                                                                           24-7543

was not fit for the factual allegations in the trial.  This determination is supported by a reasonable reading of the instruction and the facts presented at trial.  13 C.F.R. § 127.700(a).  The district court did not abuse its discretion in declining to give MC2's proposed instruction.  *Yan Fang Du*, 697 F.3d at 757.

**AFFIRMED.**