**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| LIBERTY INSURANCE CORPORATION; LM GENERAL INSURANCE COMPANY, *Plaintiffs-Appellees*, | No. 21-15444 |
| v. | D.C. No. 2:19-cv-00457-APG-VCF |
| YVONNE BRODEUR; JERRY BRODEUR, *Defendants-Appellants*, | OPINION |
| and | |
| ANGELIQUE VAN-VLIET; ELIAS MENESES, *Defendants*. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted April 12, 2022
Pasadena, California

Filed July 28, 2022

Before: Consuelo M. Callahan and Lawrence VanDyke,
Circuit Judges, and David A. Ezra,[*] District Judge.

Opinion by Judge VanDyke

---

**SUMMARY**[**]

---

### Diversity/Insurance Coverage

The panel reversed the district court's order imposing
sanctions on defendant homeowners pursuant to Fed. R. Civ.
P. 37(c)(1) and remanded for a new trial in an action brought
by Liberty Insurance Corporation seeking a judicial
determination that defendants were not entitled to any
coverage under Liberty's homeowner's insurance policy in
an underlying lawsuit for damages arising from an accident
involving defendants' all-terrain vehicle.

While Liberty sought to rely on a general coverage
exclusion, it was aware that its policy also contained an
exception to the general exclusion if the homeowners,
Yvonne and Jerry Brodeur, could show that the all-terrain
vehicle (ATV) was not subject to motor vehicle registration
and was used to "service" their cabin. Defendant Jerry
Brodeur was the only witness who testified during a bench
trial. After the trial concluded, the district court (at Liberty's
request) imposed Rule 37(c)(1) sanctions on the Brodeurs

---

[*] The Honorable David A. Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It
has been prepared by court staff for the convenience of the reader.

for failing to disclose a witness. The court also excluded Jerry's testimony about whether the ATV was registered and used to service the cabin, based on the theory that he had not been properly disclosed as a witness. The district court then ruled that, without Jerry's testimony, there was "insufficient evidence to show the ATV was used to service the cabin at any time," and thus found that the Brodeurs were not entitled to coverage.

The panel held that because the Brodeurs complied with Rule 26(a)(1)(A)(i)'s requirement to disclose "individuals likely to have discoverable information—along with the subjects of that information" for the purpose of identifying potential fact witnesses, sanctions under Rule 37(c)(1) were not justified. But even if the Brodeur's had *not* complied with Rule 26, the district court abused its discretion by imposing Rule 37(c)(1) sanctions without analyzing (1) whether the alleged defects in the disclosures were harmless and (2) whether the defects involved willfulness, fault, or bad faith, as required by *R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240 (9th Cir. 2012).

## COUNSEL

Jerome R. Bowen (argued), Bowen Law Offices, Las Vegas, Nevada, for Defendants-Appellants Yvonne Brodeur and Jerry Brodeur.

Craig A. Mueller, Mueller & Associates Inc., Las Vegas, Nevada, for Defendant-Appellant Elias Meneses.

Amy M. Samberg (argued), Dylan P. Todd, and Lee H. Gorlin, Clyde & Co. US LLP, Las Vegas, Nevada, for Plaintiffs-Appellees.

## OPINION

VANDYKE, Circuit Judge:

On a trip to a family cabin in Kane County, Utah, Chase Stewart and Elias Meneses crashed an all-terrain vehicle (ATV) while driving on nearby property. The ATV crushed Meneses's arm, and as a result he sued Stewart's parents, Gerrard (Jerry) and Yvonne Brodeur, who own the cabin and the ATV. The Brodeurs sought coverage for the accident under a Liberty Insurance Corporation (Liberty) homeowner's insurance policy. After determining that the accident was generally excluded from coverage, Liberty filed this lawsuit seeking a judicial determination that the Brodeurs were not entitled to any coverage under the Liberty policy. Importantly, while Liberty sought to rely on a general coverage exclusion, Liberty was aware that its policy also contained an exception to the general exclusion such that the accident might be covered if the Brodeurs could show that the ATV was not subject to motor vehicle registration and was used to "service" the Brodeurs' cabin.

Jerry Brodeur was the only witness who testified during a bench trial. After the trial concluded, the district court (at Liberty's request) imposed Rule 37(c)(1) sanctions on the Brodeurs. The court also excluded Jerry's testimony about whether the ATV was registered and used to service the cabin, based on the theory that he had not been properly disclosed as a witness. The court interpreted the Brodeur's initial disclosures as allowing Jerry to testify only about the underlying tort lawsuit between the Meneses and the Brodeurs, not about facts relevant to the Liberty policy at issue in the current lawsuit. The district court then ruled that, without Jerry's testimony, there was "insufficient evidence to show the ATV was used to service the cabin at any time," and thus found that the Brodeurs were not entitled to

coverage. The Brodeurs appealed, asking this court to reverse and remand for a new trial.

We conclude that because the Brodeurs complied with Rule 26(a)(1)(A)(i)'s requirement to disclose "individuals likely to have discoverable information—along with the subjects of that information" for the purpose of identifying potential fact witnesses, sanctions under Rule 37(c)(1) were not justified. But even if the Brodeur's had *not* complied with Rule 26, the district court abused its discretion by imposing Rule 37(c)(1) sanctions without analyzing (1) whether the alleged defects in the disclosures were harmless and (2) whether the defects involved willfulness, fault, or bad faith, as required by *R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240 (9th Cir. 2012).

## BACKGROUND

### I. Factual Background

Jerry and Yvonne Brodeur live in Las Vegas, Nevada and own a cabin in Kane County, Utah. Beginning on July 16, 2015, and continuing through at least July 16, 2016, the Brodeurs insured their cabin through a homeowners policy issued by Liberty Insurance Corporation. In May 2016, the Brodeurs took Yvonne Brodeur's son, Chase Stewart, to the cabin along with Chase's friend, Elias Meneses. The Brodeurs own a Yamaha Rhino ATV, which they brought to the cabin and allowed Meneses to ride in as a passenger with Stewart driving. While Stewart drove the ATV on nearby property not owned by the Brodeurs, the ATV flipped and crushed Meneses's arm.

## II.  Procedural Background

Meneses sued the Brodeurs for his injuries in Nevada state court.  The Brodeurs sought coverage under the Liberty homeowner's insurance policy on the cabin, as well as a Liberty homeowner's insurance policy on their primary residence in Las Vegas and a Liberty automobile insurance policy.  Liberty then filed this action in federal court, seeking a judicial declaration that none of the Liberty policies provided coverage for the Brodeurs' claim.  At summary judgment, the district court found that neither the Las Vegas homeowner's policy nor the automobile policy covered the Brodeur's ATV accident claim.

On February 8, 2021, the district court held a bench trial on the issue of whether the remaining Utah homeowner's policy covered the ATV accident.  The court found that the Utah homeowner's policy generally excluded coverage for an ATV accident occurring away from the property.  But the policy included an exception to the general exclusion (hereinafter the "exception"), providing that the Brodeurs could be entitled to coverage if the ATV was (1) a vehicle not subject to motor vehicle registration and (2) used to "service" the cabin.  Liberty's amended complaint identified the exception.

Long before the trial, the Brodeurs served Liberty with initial disclosures and included Jerry Brodeur as an "individual likely to have discoverable information" pursuant to Rule 26(a)(1)(A)(i).  The disclosures stated that Brodeur was likely to have information about "the claims of the underlying case and the damages at issue."  Liberty never objected to the Brodeurs' initial disclosures and the Brodeurs never supplemented them.

Years later, on the morning of the bench trial, Liberty moved for judgment under Federal Rule of Civil Procedure 52(c), arguing that the Brodeurs' Rule 26 disclosures were insufficient to put Liberty on notice of Jerry Brodeur's anticipated testimony and that the testimony concerning the ATV was therefore barred by both the rule and Liberty's motion in limine.  The district court allowed Jerry to testify but informed the parties it would rule on the issue after trial.  Jerry testified about the ATV, its use to maintain the Utah property (to remove wood, as a snowplow, to move dirt, and to pick up food in town), and whether the vehicle was registered or required to be registered.  Jerry Brodeur was the only witness who testified.

After trial, the district court—purporting to apply Federal Rule of Civil Procedure 26(a)(1)(A)(i)—excluded much of Jerry's testimony relevant to the Liberty policy by sanctioning the Brodeurs under Federal Rule of Civil Procedure 37(c)(1).  The court used the sanction to limit the testimony to "the facts and claims of the underlying state court lawsuit," and exclude testimony about the exception.[1] Excluding that testimony led the district court to rule that the Brodeurs failed to present sufficient "evidence to show [that] the ATV was used to service the cabin at any time," and that "[b]ecause the Brodeurs have not satisfied their burden of proof as to the second part of the exception (that the ATV was used to service the cabin), I need not resolve whether the ATV was subject to motor vehicle registration in any jurisdiction."   The court ultimately concluded that "[b]ecause there is no evidence [that] the ATV was used to service the Brodeurs' cabin, it does not fall within the

---

[1] The court also found that Meneses's initial disclosures barred Jerry from testifying about the Liberty policy.  The Meneses originally appealed but settled their case and voluntarily dismissed their appeal.

exception to the exclusion.  Therefore, the Brodeurs are not entitled to coverage under the Policy for the ATV accident that is the subject of the state court lawsuit."  The Brodeurs appealed, arguing that the district court abused its discretion by imposing Rule 37(c)(1) sanctions.

## JURSDICTION AND STANDARD OF REVIEW

This court has jurisdiction under 28 U.S.C. § 1291.  "We review the imposition of discovery sanctions for abuse of discretion."  *Yeti by Molly Ltd v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105 (9th Cir. 2001) (citing *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997)).  Specifically, because the district court imposed discovery sanctions pursuant to Rule 37(c)(1) without resolving a disputed question of law, we analyze its factual determinations and legal conclusions for abuse of discretion.  *See Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011); *Yeti by Molly, Ltd.*, 259 F.3d at 1106.

"A district court abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence."  *Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, 921 F.3d 803, 808 (9th Cir. 2019) (cleaned up); *see also United States v. Working*, 287 F.3d 801, 807 (9th Cir. 2002) (explaining that a district court abuses its discretion when a ruling is guided by erroneous legal conclusions).  Likewise, "[a district] court abuses its discretion when it fails to apply the correct legal standard or bases its decision on unreasonable findings of fact." *Briseño v. Henderson*, 998 F.3d 1014, 1022 (9th Cir. 2021) (quoting *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1038 (9th Cir. 2011)).

**DISCUSSION**

The district court abused its discretion for three reasons by imposing Rule 37(c)(1) sanctions to exclude material portions of Jerry Brodeur's testimony. First, the district court abused its discretion when it imposed the sanctions for failing to identify a witness, because the Brodeurs' disclosures properly identified Jerry Brodeur as a witness under Rule 26(a)(1)(A)(i). Second, even if the disclosures were inadequate under Rule 26(a)(1)(A)(i), the purported defect—that the Brodeurs disclosed Jerry could testify only about the claims in the "underlying lawsuit" as opposed to disclosing that he could testify about the claims in the "current lawsuit"—was harmless because Liberty filed this action for the *sole purpose* of determining its coverage obligations to the Brodeurs and Jerry Brodeur was the only witness who testified about facts relevant to his Liberty insurance policy. Finally, because the district court's Rule 37(c)(1) sanctions amounted to dismissal of the case, it abused its discretion by imposing them without analyzing whether the Brodeurs' alleged noncompliance with disclosure obligations involved willfulness, fault, or bad faith. *See R & R Sails, Inc.*, 673 F.3d at 1247.

**I. Because the Brodeurs Adequately Identified Jerry Brodeur as a Potential Fact Witness Under Rule 26(a)(1)(A)(i), the District Court Abused its Discretion When it Imposed Rule 37(c)(1) Sanctions.**

The district court abused its discretion by imposing Rule 37(c)(1) sanctions for failure to disclose a witness because the Brodeurs properly identified Jerry Brodeur as a potential fact witness under Rule 26(a)(1)(A)(i). *See Cadkin v. Loose*, 569 F.3d 1142, 1147 (9th Cir. 2009) ("A district court abuses its discretion when its decision is based on an inaccurate view of the law or a clearly erroneous finding of fact."

(cleaned up)). Rule 26(a)(1)(A)(i) requires parties to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses . . . ." Fed. R. Civ. P. 26(a)(1)(A)(i). The rule requires identification of potential witnesses because "'[a] major purpose' of the initial disclosure requirements 'is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information.'" *R & R Sails Inc.*, 673 F.3d at 1246 (citing Fed. R. Civ. P. 26 advisory committee's note to 1993 Amendments). Rule 37(c)(1) further clarifies the importance of identifying potential witnesses, stating that "[i]f a party fails to provide information *or identify a witness* as required by Rule 26(a) or (e), the party is not allowed to use that information *or witness* to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) (emphasis added).

Here, the Brodeurs timely served Rule 26 disclosures on Liberty that stated both Yvonne and Jerry Brodeur were available to testify "[r]egarding the claims of the underlying case and the damages at issue," and provided their contact information. By doing so, the Brodeurs complied with Rule 26's requirement that they identify potential witnesses with discoverable information. But instead of applying Rule 26(a)(1)(A)(i) as a rule requiring identification of individuals "likely to have discoverable information" at the outset of discovery, the district court interpreted the rule as placing substantive limits on Jerry's trial testimony two years later. Fed. R. Civ. P. 26(a)(1)(A)(i).

Under the district court's view, it could bar discussion of any discoverable information it deemed to be outside of disclosed "subjects of that information." *Id*. The court decided that because the Brodeur disclosure used the term "underlying case," Jerry should be allowed to testify only about the underlying state court lawsuit—not about material facts at issue in the federal lawsuit. To enforce that limiting view of Rule 26, the district court concluded that Rule 37(c)(1) sanctions could be used to exclude portions of Jerry's testimony relating to the Liberty policy. But the district court was wrong about this too.

Rule 37(c)(1) provides that sanctions are warranted for failure to comply with Rule 26(a)(1)(A)(i) in two specific situations. First, it provides that when a witness is not disclosed by a party then, as a sanction, that witness cannot testify. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to . . . identify a witness as required by Rule 26(a)," the unidentified witness is not allowed to "supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."). Second, it provides that if a party fails to disclose discoverable information (like documents or electronically stored information required by Rule 26(a)(1)(ii)) then the party cannot rely on that undisclosed information as evidence. *Id*. ("If a party fails to provide information . . . as required by Rule 26(a) . . . the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or was harmless."). What the rule does *not* do is grant the district court broad power to pick and choose portions of witness testimony to exclude *as a sanction* because it concludes those portions of testimony were not encompassed "within the scope of the Rule 26(a) disclosures." If there is a rule for that, under its plain text it isn't Rule 37(c)(1).

Because the Brodeurs properly disclosed Jerry Brodeur as a potential witness under Rule 26(a)(1)(A)(i), the district court abused its discretion by imposing Rule 37(c)(1) sanctions. *See Golden v. Cal. Emergency Physicians Med. Grp.*, 782 F.3d 1083, 1089 (9th Cir. 2015) ("A district court abuses its discretion when . . . it applies an incorrect rule of law.").

## II. The District Court Abused its Discretion by Imposing Rule 37(c)(1) Sanctions Without Considering Whether Defects in the Brodeur Disclosures Were Harmless or Substantially Justified.

Second, even if the district court had been correct that the Brodeur disclosures were inadequate under Rule 26(a)(1)(A)(i), it abused its discretion by imposing Rule 37(c)(1) sanctions without considering whether defects in the disclosures were harmless or substantially justified. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless*." (emphasis added)); *see also Barnett v. Norman*, 782 F.3d 417, 421 (9th Cir. 2015) ("A district court abuses its discretion when it does not apply the correct law or erroneously interprets the law." (internal citation omitted)). Ninth Circuit caselaw interpreting Rule 37(c)(1) makes clear that exclusion of evidence under Rule 37(c)(1) is not appropriate if the "failure to disclose the required information is substantially justified or harmless." *Yeti by Molly Ltd.*, 259 F.3d at 1106. To that end, district courts have identified "[s]everal factors to guide the determination of whether substantial justification and harmlessness exist, including (1) prejudice or surprise to the party against whom

the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence." *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 242 (D. Nev. 2017). Here, the district court abused its discretion because it completely failed to consider whether any defect in the Brodeur disclosures was harmless or substantially justified before imposing sanctions. Instead, it simply concluded that "I may exclude from trial any evidence that is not within the scope of the Rule 26(a) disclosures."

It seems very unlikely that Liberty was prejudiced or surprised by Jerry Brodeur's testimony about the family's ATV. Liberty filed the federal action for the sole purpose of determining whether the Brodeurs were entitled to coverage under the Liberty policy, and even identified the relevant exception in its amended complaint. The exception applies only if the ATV is (1) a vehicle that is not subject to motor vehicle registration and (2) used to "service" the cabin. As the owner of the cabin and ATV, as well as the only witness called to testify at trial, it is entirely *unsurprising* that Jerry Brodeur would testify on these subjects.

Because the district court failed to consider whether any defect in the Brodeur disclosures was harmless or substantially justified, the district court abused its discretion by imposing Rule 37(c)(1) sanctions.

## III. The District Court Abused its Discretion by Failing to Adequately Analyze Whether the Brodeurs' Purported Noncompliance with Rule 26(a)(1)(A)(i) Involved Willfulness or Fault.

Finally, because the sanctions imposed by the district court amounted to dismissal of the case, the court abused its

discretion by relying on erroneous conclusions and failing to adequately analyze whether the Brodeurs acted with willfulness or fault. *See R & R Sails, Inc.*, 673 F.3d at 1247 (explaining that even when a party clearly violates Rule 26(a)(1)(A), the district court is still required to consider other factors before precluding evidence or witnesses as a Rule 37(c)(1) sanction, particularly when that sanction amounts to dismissal of claims); *Meier v. Colvin*, 727 F.3d 867, 869 (9th Cir. 2013) ("A district court abuses its discretion when it fails to apply the correct legal rule or its application of the correct legal rule is illogical, implausible or without support in inferences that may be drawn from the facts in the record." (citing *United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc))). When a district court imposes a sanction that amounts to dismissal, it is required to consider whether the noncompliance justifying the sanction "involved willfulness, fault, or bad faith . . . and also to consider the availability of lesser sanctions." *R & R Sails, Inc.*, 673 F.3d at 1247 (internal citations omitted).

Here, the court's sanction was exclusion of Jerry Brodeur's testimony. After excluding the testimony, the court explained that there was "insufficient evidence to show the ATV was used to service the cabin at any time." Whether or not the ATV was used to service the cabin was one of two pieces of evidence the Brodeurs needed to provide to be entitled to coverage under the exception. Considering that Jerry Brodeur was the only witness who testified at the trial, and that the district court ultimately found there was "insufficient evidence" to support the exception, the district court's sanction excluding relevant portions of his testimony was "claim-dispositive."

Because the district court found that excluding Jerry's testimony was "claim-dispositive," it offered a conclusory *R & R Sails* analysis. The court did "not find the Brodeurs' disclosures to be in bad faith." But it concluded that the deficiencies were both willful and the fault of the Brodeurs. In the court's view, the Brodeurs acted "willfully" and were at "fault"—not because they acted disobediently, deceitfully, knowingly, or otherwise dishonestly—but because the disclosures "were within their control, they had enough information to make appropriate disclosures, and there was nothing accidental about them." *But see Henry v. Gill Industries, Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) (citing *Fjelstad v. Am. Honda Motor Co., Inc.*, 762 F. 2d 1334,1341 (9th Cir. 1985)) (explaining that the Ninth Circuit "has stated that 'disobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad faith, or fault."). In other words, the district court found the Brodeurs were disobedient because they *complied with Rule 26 and served disclosures*, but did so improperly. Not only is the district court's view of willfulness and fault contrary to *Henry*, but it would also render the *R & R Sails* willfulness and fault analysis meaningless—every initial disclosure served by every party in every case is nonaccidental and within the serving party's control. Such a view is plainly erroneous.

## CONCLUSION

For the foregoing reasons, we reverse the district court's order imposing sanctions and remand this case to the district court for a new trial.

**REVERSED and REMANDED**.