NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 24 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK BOWDEN, | No. 22-35680 |
| Plaintiff-Appellee, | D.C. No. 3:17-cv-01411-SI |
| v. | |
| GENIE INDUSTRIES (A TEREX BRAND) INC., | MEMORANDUM[*] |
| Defendant-Appellant, | |
| and | |
| UNITED RENTALS (NORTH AMERICA) INC., | |
| Defendant. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted December 7, 2023
Portland, Oregon

Before: NGUYEN and MILLER, Circuit Judges, and MONTALVO,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Frank Montalvo, United States District Judge for the Western District of Texas, sitting by designation.

Genie Industries, Inc., (Genie) appeals from the district court's judgment, following a jury trial, in favor of Mark Bowden in this product-liability action. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Genie argues that the district court erred in allowing Bowden to present certain expert testimony despite the untimeliness of his expert disclosures. When a party does not comply with the disclosure rules set forth in Federal Rule of Civil Procedure 26, the party can be subject to sanctions. Specifically, Rule 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

We review the district court's admission of expert testimony for abuse of discretion. *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 52 F.4th 1054, 1063 (9th Cir. 2022). We "give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). In *Liberty Insurance Corp. v. Brodeur*, we pointed to four factors that "guide the determination of whether substantial justification and harmlessness exist, including (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness

in not timely disclosing the evidence." 41 F.4th 1185, 1192 (9th Cir. 2022) (quoting *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 242 (D. Nev. 2017)). The district court considered those factors, and its determination that Bowden's untimely disclosures were harmless was not an abuse of discretion.

2. Genie argues that the district court erred in denying its motions for judgment as a matter of law. Specifically, Genie contends that it was entitled to partial judgment as a matter of law as to damages from Bowden's ongoing back and knee problems, and any post-trial noneconomic damages stemming from a finding of permanent injury; as well as judgment as a matter of law as to both of Bowden's product-liability claims.

We review de novo the denial of a renewed motion for judgment as a matter of law, "viewing the evidence in the light most favorable to the verdict." *In re Bard IVC Filters Prod. Liab. Litig.*, 969 F.3d 1067, 1077 (9th Cir. 2020). Judgment as a matter of law is warranted where "the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *EEOC v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009) (quoting *Josephs v. Pacific Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006)).

a. Genie argues that Bowden presented inadequate evidence that his back and knee injuries were caused by the accident. Under Oregon law, it maintains, expert medical testimony must refute other potential causes of the injuries,

ensuring that the jury does not rely on inferential reasoning when confronted with multiple pieces of medical evidence. *See Pinkerton v. Tri-County Metro. Serv. Dist.*, 125 P.3d 840, 843 (Or. Ct. App. 2005); *Hudjohn v. S&G Mach. Co.*, 114 P.3d 1141, 1149 (Or. Ct. App. 2005). Genie contends that under this rule, Bowden did not carry his burden as to causation. We disagree with Genie's reading of Oregon law.

"When interpreting state law, federal courts are bound by decisions of the state's highest court." *Alliance for Prop. Rts. & Fiscal Resp. v. City of Idaho Falls*, 742 F.3d 1100, 1103 (9th Cir. 2013) (quoting *Arizona Elec. Power Coop., Inc. v. Berkeley*, 59 F.3d 988, 991 (9th Cir. 1995)). When a state supreme court has not squarely addressed an issue, we are tasked with "predict[ing] how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises and restatements for guidance." *Id.* at 1102 (quoting *Glendale Assocs., Ltd. v. NLRB*, 347 F.3d 1145, 1154 (9th Cir. 2003)). Even assuming that the Oregon Supreme Court would adopt the approach in *Hudjohn* and *Pinkerton*, those cases do not stand for the proposition that a plaintiff's expert must refute alternative causes in all cases involving "complex medical situations," *Pinkerton*, 125 P.3d at 843, or that a jury cannot interpret one treating physician's testimony in light of another's. Bowden presented testimony as to causation from medical experts. The only evidence of other causes came from

Genie's own expert, whom the jury was entitled to disbelieve. Viewing the evidence in the light most favorable to Bowden and drawing all reasonable inferences in his favor, the jury could have found that his back and knee injuries were caused by the accident.

b. Genie also argues that Bowden did not establish that his injuries were permanent and that the district court therefore erred in denying judgment as a matter of law as to post-trial noneconomic damages. It relies on *Elan v. Tate*, in which the Oregon Court of Appeals held that "[a] permanent injury is an injury that 'will last during the life of the injured person.'" 430 P.3d 179, 182 (Or. Ct. App. 2018) (quoting *Skultety v. Humphreys*, 431 P.2d 278, 281 (Or. 1967)). At trial, the jury heard testimony that Bowden's medical experts did not believe Bowden could return to work, that he "was clearly not able to work," and that Bowden's fears that his injury would cause him to become disabled and unable to return to work were realized. As one witness put it, "I've not seen many people try as hard as [Bowden] did to try to overcome this. Sometimes you can't. And sadly, that happened here with him." Moreover, the jury heard testimony from Bowden that, seven years after the incident, he continued to experience debilitating pain. Drawing all inferences in favor of Bowden, a rational jury could conclude from that evidence that the effects of Bowden's injuries would not diminish with time but would instead last throughout his life.

5

For similar reasons, we reject Genie's contention that the district court erred in instructing the jury on permanent injury. "Whether there is sufficient evidence to support an instruction is reviewed for abuse of discretion." *Du v. Allstate Ins. Co.*, 697 F.3d 753, 757 (9th Cir. 2012). The same evidence that supported the district court's decision to deny judgment as a matter of law on post-trial noneconomic damages establishes that the district court did not abuse its discretion in giving a permanent-injury instruction.

c. Finally, Genie argues that it was entitled to judgment as a matter of law on the product-liability claims because Bowden's experts did not establish that Bowden's injury was caused by either a design defect or failure to warn. It emphasizes that Bowden testified that he only lightly engaged the joystick, whereas his experts' theories of design defect or failure to warn turned on the need to avoid aggressive movements of the joystick. We agree with Genie that Bowden is bound by his description of the accident. *See Bockman v. Mitchell Bros. Truck Lines, Inc.*, 320 P.2d 266, 271 (Or. 1958). But Bowden's testimony did not describe his handling of the joystick with quantitative precision. Thus, drawing all inferences in favor of Bowden, a rational jury could have accepted Bowden's testimony but nevertheless found that the accident occurred in the manner described by Bowden's experts. Genie was therefore not entitled to judgment as a matter of law on the product-liability claims.

The motion for leave to file a supplemental brief (Dkt. No. 42) is **DENIED** as moot.

**AFFIRMED.**