NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 24 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAMIE ELWARD,

Plaintiff - Appellant,

v.

SEALY INC,

Defendant - Appellee.

No. 23-4143

D.C. No.
3:22-cv-05645-BHS

MEMORANDUM*

JAMIE ELWARD,

Plaintiff - Appellee,

v.

SEALY INC,

Defendant - Appellant.

No. 23-4421

D.C. No.
3:22-cv-05645-BHS

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted March 25, 2025
Seattle, Washington

Before: McKEOWN and OWENS, Circuit Judges, and KENDALL, District
Judge.**

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.
\** The Honorable Virginia M. Kendall, United States District Judge for
the Northern District of Illinois, sitting by designation.

Jamie Elward appeals from the district court's order granting summary judgment to her former employer Sealy Inc. on her (1) *quid pro quo* and (2) hostile work environment sexual harassment claims under the Washington Law Against Discrimination ("WLAD"). *See* Wash. Rev. Code § 49.60, *et seq.* Elward also moves to certify a question to the Washington Supreme Court. Sealy appeals from the district court's denial of its motion for sanctions.

We have jurisdiction under 28 U.S.C. § 1291. We reverse the grant of summary judgment, deny the motion for certification, and affirm the denial of sanctions. Because the parties are familiar with the facts, we need not recount them here.

We review de novo the district court's grant of summary judgment to Sealy on Elward's sexual harassment claims. *Clarkson v. Alaska Airlines, Inc.*, 59 F.4th 424, 432 (9th Cir. 2023). Summary judgment is "proper only where there is no genuine issue of any material fact or where viewing the evidence and the inferences which may be drawn therefrom in the light most favorable to the adverse party, the movant is clearly entitled to prevail as a matter of law." *Id.* (internal citation omitted); Fed. R. Civ. P. 56(a). Here, disputes of material fact preclude summary judgment on Elward's *quid pro quo* and hostile work environment claims.

As to Elward's *quid pro quo* claim, disputes of fact remain regarding whether her supervisor, Alfredo Perez, conditioned a work trip to a supervisor's

2

training conference on Elward's agreement to have sex with him, and whether Perez had the authority to get Elward onto the trip. A *quid pro quo* claim requires showing a supervisor's "extortion or attempted extortion of sexual favors in exchange . . . for a job or job benefit." *DeWater v. State*, 921 P.2d 1059, 1062 (Wash. 1996). Viewing the evidence in the light most favorable to Elward, Perez's repeated and vulgar comments to Elward about having sex with her during the conference were implicit requests for sex in exchange for going on the trip and were not consensual "jokes." The trip was for supervisors—a position Elward aspired to—and was therefore a benefit. Despite Perez's boss, Sean Coatney, indicating that Elward could not attend, Perez continued to imply that he had leverage to get Elward approved, and suggested she could come on the trip regardless because he would pay for her ticket with the company card if she would stay in a room with him.

As to Elward's hostile work environment claim, the district court correctly held that the *Faragher-Ellerth* defense applies to the WLAD. *Sangster v. Albertson's, Inc.*, 991 P.2d 674, 679–80 (2000); *In re Kirkland*, 915 F.2d 1236, 1239 (9th Cir. 1990) (holding federal courts follow the state's intermediate appellate courts absent convincing evidence the state supreme court would decide differently). Elward made a sufficient showing to survive summary judgment and genuine questions of fact prevent Sealy's assertion of the *Faragher-Ellerth* defense.

3

A hostile work environment claim requires "(1) offensive, unwelcome contact that (2) occurred because of sex or gender, (3) affected the terms or conditions of employment, and (4) can be imputed to the employer." *Sangster*, 991 P.2d at 678. Sealy conceded the first two elements for the purpose of its summary judgment motion, and Elward raises genuine disputes of fact as to the remaining two. The harassment affected Elward's terms and conditions of employment as they were objectively abusive—Perez propositioned his subordinate Elward for sex, recounted what sex acts he wanted to perform on her, and touched her without her consent—and were subjectively perceived as abusive by Elward, who was upset by this conduct and reported it. The conduct is imputed to Sealy as Perez was Elward's manager.

Questions of fact preclude applying the *Faragher-Ellerth* defense, which requires meeting two prongs. Viewing the facts in the light most favorable to Elward, Sealy did not take reasonable care to prevent sexual harassment when it failed to monitor Perez for sexual harassment after prior substantiated claims and a written warning. Further, Elward did not unreasonably delay where she waited only a few days to gather evidence against her harasser and still reported Perez within the same work week. Elward alleged she was harassed on Monday, November 15; Wednesday, November 17; and Thursday, November 18, 2021. She reported on Friday, November 19, 2021. A jury could find the delay was not unreasonable as Perez deterred Elward from ever "going upstairs" where human

4

resources was located, making it more difficult for Elward to reach human resources to report.

Elward moved to certify the question of *Faragher-Ellerth*'s applicability to the WLAD to the Washington Supreme Court. Washington allows for federal certification when "it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined." Wash. Rev. Code § 2.60.020. Certification is not necessary to ascertain the law as there is no clear conflict among Washington courts on the application of the *Faragher-Ellerth* defense to the WLAD. *Syngenta Seeds, Inc. v. County of Kauai*, 842 F.3d 669, 681 (9th Cir. 2016) (holding "certification is unnecessary" where the relevant test was clear despite not having been applied by the state's supreme court). There is also a strong presumption in the Ninth Circuit against certification where the party that lost below—Elward—did not seek certification until after an unfavorable ruling by the district court. *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1108 (9th Cir. 2013), *as amended on denial of reh'g and reh'g en banc*. We deny the motion for certification.

Finally, we review for abuse of discretion the district court's denial of Sealy's motion for sanctions under Federal Rule of Civil Procedure 37(e) based on Elward's spoliation of the recordings she made of Perez. *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1189 (9th Cir. 2022). Though Elward improperly lost or edited the audio recordings, the district court did not abuse its discretion in denying

5

Sealy's requested sanction of dismissing Elward's complaint. Dismissal is only permitted when the court finds "the [spoiling] party acted with the intent to deprive another party of the information's use in the litigation." Fed. R. Civ. P. 37(e)(2). The district court did not find intentional destruction here and thus did not abuse its discretion in denying Sealy's request for dismissal.

We **REVERSE** and **REMAND** the grant of summary judgment to Sealy on the *quid pro quo* and hostile work environment claims and accordingly **VACATE** the district court's award of costs to Sealy. We **DENY** Elward's motion for certification of a question to the Washinton Supreme Court and **AFFIRM** the denial of Sealy's motion for sanctions.

Costs on appeal are awarded to Elward.

6