NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 20 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AMY BUCHANAN,

　　　　　Plaintiff - Appellant,

　v.

WATKINS & LETOFSKY, LLP,

　　　　　Defendant - Appellee.

No. 24-6236

D.C. No.
2:19-cv-00226-GMN-BNW

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted October 8, 2025
Las Vegas, Nevada

Before: BENNETT, SANCHEZ, and H.A. THOMAS, Circuit Judges.
Dissent by Judge BENNETT.

Amy Buchanan appeals the district court's grant of summary judgment to

Watkins & Letofsky, LLP on her discrimination and retaliation claims under the

Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* The district

court determined that Watkins & Letofsky was not a covered employer under the

ADA because it did not employ 15 or more employees for 20 or more calendar

---

*　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

weeks in 2016 or 2017. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo. *See Johnson v. Barr*, 79 F.4th 996, 1003 (9th Cir. 2023). We reverse and remand for trial.

1. A district court's decision to admit evidence under Federal Rule of Civil Procedure 26(a) or (e) is reviewed for abuse of discretion. *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740–41 (9th Cir. 2021). The district court did not abuse its discretion by considering Exhibits J and M attached to Watkins & Letofsky's motion for summary judgment. Buchanan had access to the underlying Paychex data that was used to create those exhibits. *See Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1191–92 (9th Cir. 2022) ("Ninth Circuit caselaw interpreting Rule 37(c)(1) makes clear that exclusion of evidence under Rule 37(c)(1) is not appropriate if the failure to disclose the required information is substantially justified or harmless." (citation omitted)). Nor does Buchanan dispute the accuracy of these exhibits; indeed, she relies on the same exhibits to argue that Watkins & Letofsky is a covered entity.

2. The district court erred in granting summary judgment in favor of Watkins & Letofsky on Buchanan's ADA claims. Viewing the evidence in the light most favorable to Buchanan and drawing all reasonable inferences in her favor, there is a genuine dispute of material fact as to whether Watkins & Letofsky is a covered employer under the ADA.

As an initial matter, the district court did not err by counting Susan Watkins and Nancy Letofsky as employees. Using the common law factors of control and viewing the facts in the light most favorable to Buchanan, Watkins & Letofsky exhibited sufficient control over Susan and Nancy to create a triable issue of fact as to whether they should be classified as employees rather than independent contractors. *See Clackamas Gastroenterology Assocs., P.C. v. Wells*, 538 U.S. 440, 448–50 (2003) (listing the six factors under the common-law control test). And Watkins & Letofsky does not contest that Buchanan was also its employee during the time period in question. [1]

As for Jake Letofsky, we conclude that Buchanan has failed to raise a genuine issue of material fact regarding whether he counts as an employee under the ADA. *See Walters v. Metro. Educ. Enters., Inc.*, 519 U.S. 202, 211 (1997) (endorsing the payroll method to count the number of employees). Although Nancy testified in her deposition that Jake worked "on and off different time periods" while he attended school, he appears in the payroll records only once in January 2020. He does not appear in the payroll records for any week in 2017. And Buchanan fails to present any evidence, other than Jake's "lower" payroll

---

[1] Buchanan conceded at oral argument that Watkins & Letofsky did not employ 15 or more employees for 20 weeks in 2016.

identification number, that Watkins & Letofsky employed Jake during the two years at issue in this appeal.

Taking Amy Buchanan, Susan Watkins, and Nancy Letofsky into account, there is a triable dispute as to whether Watkins & Letofsky employed 15 or more employees for 20 weeks or more in 2017. The district court relied on Exhibit M to determine that Watkins & Letofsky did not employ 15 or more employees for 20 weeks in 2017 even when including Buchanan, Susan, and Nancy in the total employee count. It appears that the district court relied on the column titled "# of E/E at Week Start" of Exhibit M to arrive at its determination. But relying upon the column entitled "# of E/E at Pay Date" of that same exhibit indicates that there were 20 or more weeks when Watkins & Letofsky employed 15 or more employees. The "# of E/E at Pay Date" column seems to incorporate data from Exhibit J, which lists the number of employees at each pay date in 2017, although Exhibit M organizes that payroll data in a different fashion.

These different possible outcomes create a triable issue of fact as to what data within Exhibits M or J should be relied upon, and whether Watkins & Letofsky employed 15 or more individuals for 20 or more calendar weeks in 2017

such that it is a covered employer under the ADA. This matter is therefore

**REVERSED AND REMANDED** for trial.[2]

---

[2] Although, as our dissenting colleague observes, Watkins & Letofsky raised alternative grounds for summary judgment before the district court, Watkins & Letofsky did not press these arguments on appeal. While we may affirm a grant of summary judgment on any ground supported by the record, *see MacIntyre v. Carroll Coll.*, 48 F.4th 950, 956 (9th Cir. 2022), doing so here would require us to raise these arguments on Watkins & Letofsky's behalf and determine that they are dispositive as a matter of law. Moreover, no party has suggested that we remand this case to the district court to consider the alternative arguments. Far from "bypass[ing] any evaluation" of Watkins & Letofsky's arguments, we simply decline to review arguments that have not been presented to us.

*Buchanan v. Watkins & Letofsky, LLP*, No. 24-6236

BENNETT, Circuit Judge, dissenting:

1.       I agree with the majority that the district court did not abuse its discretion by considering the payroll exhibits attached to Watkins & Letofsky, LLP's motion for summary judgment.  I agree that the district court did not err by counting Susan Watkins and Nancy Letofsky as employees for purposes of whether Watkins & Letofsky is a covered employer under the Americans with Disabilities Act (ADA).  I further agree that Jake Letofsky should not be counted as an employee.  And I agree that which payroll exhibits—and which payroll exhibit data—we use to count the number of employees matters as to whether there were at least twenty weeks in 2017 when Watkins & Letofsky employed fifteen or more employees.

But I disagree that we should reverse and send Amy Buchanan's discrimination and retaliation claims to trial.  In my view, the proper course is to remand to the district court for reconsideration.  This remand could result in the district court setting the case for trial or again granting summary judgment for Watkins & Letofsky.  Thus, I respectfully dissent.

2.       As the majority explains, the district court appears to have relied on the payroll data from the column titled "# of E/E at Week Start" of Exhibit M to arrive at its determination that Watkins & Letofsky employed fifteen or more

employees for only seventeen weeks in 2017. The district court did not adequately explain how it arrived at that seventeen-week figure, however. For example, the district court did not make clear whether it conducted its analysis based on the number of employees listed in the "Week Start" column or the "Pay Date" column of Exhibit M. Nor is it evident whether the court considered the "Notes" column of that exhibit, which includes information regarding when employees started and ended their employment with the firm. And the district court also failed to explain why it did not rely on the payroll data from Exhibit J.

It is also not enough for a person merely to be included on the payroll to count as an "employee" under the ADA. To the contrary, the Supreme Court instructed in *Walters v. Metropolitan Educational Enterprises, Inc.* that "an individual who appears on the payroll but is not an 'employee' under traditional principles of agency law would *not* count toward the 15-employee minimum." 519 U.S. 202, 211 (1997) (emphasis added) (citing *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323–24 (1992)); *see also Clackamas Gastroenterology Assocs., P.C. v. Wells*, 538 U.S. 440, 445 (2003) ("[W]hen Congress has used the term 'employee' without defining it, we have concluded that Congress intended to describe the conventional master-servant relationship as understood by common-law agency doctrine." (quoting *Darden*, 503 U.S. at 322–23)). "[T]he ultimate touchstone," the Court explained, "is whether an employer has employment

relationships with 15 or more individuals for each working day in 20 or more weeks during the year in question." *Walters*, 519 U.S. at 212. So a court likewise cannot simply look at the "number of employees on the payroll in each week . . . without regard to whether these employees were employed on each working day of the week." *Id.* Essential to the analysis is when each employee started and ended their time with the firm. *See id.*

The district court cited *Walters* in explaining that "courts have used the 'payroll method' when applying a variety of employment law statutes, which essentially counts the number of people on the payroll to determine how many employees an employer has." But whether the district court applied traditional principles of agency law and engaged in an individualized inquiry for each purported "employee" that appears on Watkins & Letofsky's payroll is not apparent from its decision.

Thus, a remand for reconsideration is the only appropriate course. *See, e.g.*, *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136–37 (9th Cir. 2001) (remanding when "[w]e cannot tell with certainty what evidence the district court considered before ruling on the summary judgment motions"); *Abend v. MCA, Inc.*, 863 F.2d 1465, 1482–83 (9th Cir. 1988) (remanding to the district court for reconsideration of a motion for summary judgment when the district court "did not fully consider the merits of [the

3                                                                    24-6236

plaintiff's] motion"); *Van Bourg, Allen, Weinberg & Roger v. NLRB*, 656 F.2d 1356, 1357–58 (9th Cir. 1981) (per curiam) (remanding "so the district court may state in reasonable detail the reasons for its decision" when those reasons "are not apparent from the record"); *Maduka v. Sunrise Hosp.*, 375 F.3d 909, 911–13 (2004) (remanding when the district court did not apply the correct standard "so that it may do so in the first instance").

Without further explanation as to how the district court arrived at its employee count, we cannot engage in meaningful appellate review of whether Watkins & Letofsky is a covered employer under the ADA. I believe that a remand is proper so the district court can take a fresh look at both payroll exhibits, along with the other evidence in the record, and then analyze—person by person, week by week—how many individuals the firm had an employment relationship with for each working day in each week of 2017. *Walters*, 519 U.S. at 211–12. Applying the guidance from *Walters*, the district court must consider traditional principles of agency law as well as the individuals' start and end dates at Watkins & Letofsky. *See id.* at 209, 211–12.

3.    But even if the majority is correct that genuine disputes of fact exist as to how many employees Watkins & Letofsky had in 2017, it still errs in sending the *entire* case to trial. Whether the firm is a covered employer is just a threshold question necessary to resolve Buchanan's ADA claims, and summary judgment

may still be appropriate because of the alternative grounds that Watkins & Letofsky pressed in the district court, but which the district court did not rule on.

In its summary judgment briefing below, Watkins & Letofsky argued that regardless of whether the firm is a covered employer, Buchanan's claims still fail as a matter of law for independent reasons:  Buchanan did not establish discrimination under the ADA because the firm engaged in the interactive process and provided her reasonable accommodations.  And summary judgment was also proper in connection with Buchanan's retaliation claim, the firm asserted, because Buchanan suffered no adverse employment action.

The district court did not address these contentions, ending its ADA analysis after it determined that Watkins & Letofsky was not a covered employer.  But the majority does not allow the district court to decide on remand whether entry of summary judgment for the firm is appropriate on one of these alternative bases. Instead, the majority bypasses any evaluation of these open, potentially dispositive questions by sending the ADA claims to trial, thus penalizing Watkins & Letofsky for something that is not its fault.  *See, e.g.*, *MacIntyre v. Carroll Coll.*, 48 F.4th 950, 956 (9th Cir. 2022) (remanding "for the district court to consider [the defendant's] alternative grounds for summary judgment" because the district court is "better suited to consider these issues in the first instance"); *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 576 (2020) (declining to opine "upon an issue not

decided below" and remanding "for the district court to consider [] the next step of the [] analysis"); *Planned Parenthood of Greater Wash. & N. Idaho v. U.S. Dep't of Health & Human Servs.*, 946 F.3d 1100, 1110–11 (9th Cir. 2020) ("A district court is usually best positioned to apply the law to the record. An appellate court should usually wait for the district court to decide in the first instance." (citations omitted)). I would remand for the district court to consider these arguments in the first instance.[1]

---

[1] The majority urges that because Watkins & Letofsky failed to raise on appeal its alternative arguments for summary judgment, we have no choice but to send the ADA claims to trial. I disagree. Alternative arguments raised in support of summary judgment but not reached below do not need to be expressly renewed as alternative arguments for *affirmance* in order to be reconsidered by the district court *on remand* should the appellant prevail on appeal. And nothing compels us to remand this case specifically "for trial," rather than simply for further proceedings consistent with our decision, which would permit the district court to consider these arguments. *See* 28 U.S.C. § 2106 (authorizing the courts of appeals to "remand the cause and . . . require such further proceedings to be had as may be just under the circumstances"); *Damiano v. Grants Pass Sch. Dist. No. 7*, 140 F.4th 1117, 1152 (9th Cir. 2025) (exercising "our discretion to vacate the grant of summary judgment . . . without commenting on how the district court should proceed on remand"); *Erickson v. United States*, 976 F.2d 1299, 1302 (9th Cir. 1992) ("Because this is a factually intensive issue that the district court did not address, we will not do so here. On remand, the district court, in its discretion, may entertain a motion for summary judgment based on this [alternative ground]."); *see also United States v. Gen. Motors Corp.*, 518 F.2d 420, 447 (D.C. Cir. 1975) ("We have concluded that summary judgment cannot be granted on the present state of the record. On remand the [movant], if it be so advised, is free to amend its motion and offer additional evidence in an attempt to demonstrate that it is entitled to summary judgment."); *Krieger v. Ownership Corp.*, 270 F.2d 265, 273 (3d Cir. 1959) (opinion on petition for rehearing) (per curiam) ("The petition for rehearing . . . is premised in part on its assumption that the reversal of the District Court's Order precludes that Court's further consideration of its motion for

summary judgment or a renewal of such a motion.  There is no basis for such an assumption.  The cause has been remanded with instructions to proceed in accordance with our opinion . . . .  On such remand the District Court is free to consider any motion which may be presented to it and to permit such amendments to the pleadings or the filing of such affidavits by either party to the action as it may deem permissible.”).